IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| ANTHONY MILES, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 03-PWG-2445-S |
| | ) |
| WARDEN STEPHEN BULLARD; ATTORNEY GENERAL FOR THE STATE OF ALABAMA, | ) ) |
| | ) |
| Respondents. | ) |

## MEMORANDUM OF OPINION

On February 23, 2005, petitioner filed objections to the Magistrate Judge's October 27, 2004 Findings and Recommendation. The magistrate judge found that the petition for writ of habeas corpus was untimely filed, that the delay in obtaining the trial transcript from appellate counsel did not equitably toll the limitation period, and that 28 U.S.C. § 2244(d)(1)(D) was inapplicable.

In his objections, petitioner challenges these findings and further argues for the first time in this case that he was not aware of the limitations period under the Anti-Terrorism and Effective Death Penalty Act (herein "AEDPA) and "objects to the magistrate [judge's] failure to order an evidentiary hearing on the unavailability of the AEDPA in the prison law library before April, 1998." (Doc. # 18, p. 6) Petitioner submitted his affidavit stating:

> I attest that had I been aware of the one year statute of limitation, I would have did the best that I could to meet that time limit.
>
> The Department of Corrections never posted the change in the law in the law library, nor did the law clerks helping me know of the time bar for which to file a Federal Habeas Corpus.

He also submitted affidavits of inmate law clerks Charles Threat and Moneek Ackles who stated that the AEDPA was never posted in the law library.

"Ignorance of the law usually is not a factor that can warrant equitable tolling." *Wakefield v. Railroad Retirement Bd.*, 131 F.3d 967 (11th Cir. 1997). See also, *Jones v. United States*, 304 F.3d 1035 (11th Cir. 2002), relying on *Felder v. Johnson*, 204 F.3d 168, 171-73 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000); *McLester v. Hopper*, 67 F.Supp. 2d 1308 (M.D. Ala. 1999).

While the prison law library may not have specifically called attention to the change in law, it was clear from the habeas petitions filed in this court that the inmates were aware of this change relatively soon after it became effective in April, 1996. Presumably, the prison received the updates to the United States Code.

Interestingly, Mr. Ackles, one of petitioner's inmate law clerk affiants, had a habeas petition of his own that was held to be time barred. CV03-C-490-E. Mr. Ackles never alleged in that action that he was unaware of the one year federal limitation period. In fact, Mr. Ackles was clearly aware of the limitations period as evidenced by HIS exhibit G to doc. #8 in CV 02-C-490-E. Exhibit G was a copy of a letter to the Administrative Office of Courts from Mr. Ackles dated December 31, 1996 wherein he states in pertinent part:

> Sir/Madam, the information that I have requested is very important to the filing of postconviction matters. The President of the United States signed into law April 26, 1996, the Antiterrorism and Effective Death Penalty Act. This Act requires that all petitions for writ of habeas be filed in one year from the final judgment of a appellate court.
>
> Dear Sir/Madam, 28 U.S.C., Section 2241-2255, places a limitation of one year to file any petition in the courts, that includes my Rule 32 Petition.

The objections are due to be overruled. A separate final judgment consistent with this Memorandum of Opinion will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the 28th day of February, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE